Honorable Mary Jo Heston
Misc. Proceeding
Hearing Date: 09/03/2020
Hearing Time: 9:00 a.m.
Location: Tacoma, WA
Response Date: 08/27/2020

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

UNITED STATES TRUSTEE

Plaintiff

v.

THOMAS MCAVITY, and NORTHWEST
DEBT RELIEF LAW FIRM,

Defendants

Misc. P. No. 20-00400-MJH

UNITED STATES TRUSTEE'S REPLY TO
DEFENDANTS' RESPONSE TO THE
MOTION TO DISMISS COUNTERCLAIMS

Gregory M. Garvin, Acting United States Trustee for Region 18 (the "United States Trustee"), hereby presents this Reply to the Defendants' Objection and Response to the United States Trustee's Motion to Dismiss Defendants' Counterclaims.

I.    **FACTS**

Plaintiff, the United States Trustee, filed this Miscellaneous Proceeding against Thomas McAvity and Northwest Debt Relief Law Firm based upon Defendants' conduct in five separate chapter 7 cases. The allegations against Defendants are many and wide ranging. The Complaint includes claims under §§ 105(a), 329(b), 526(a)(1)(2)&(3), 526(c)(5), 528(a)&(b), 707(b)(4)(C), and Federal Rule of Bankruptcy Procedure 2016.

UNITED STATES TRUSTEE'S REPLY

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 1

In response, the Defendants have filed two Counterclaims that broadly seek to bless Fresh Start Funding's business practices. Under the first Counterclaim, the Defendants seek a declaration that the Fresh Start Funding's Pre-Filing Agreement complies with Code[1] sections 329, 526 and 528, Federal Rule of Bankruptcy Procedure 2016(b); Local Rule of Bankruptcy Procedure 2089-1; and Washington Rules of Professional Conduct 1.1, 1.2, 1.4(b), and1.5(b); and whether the bifurcation creates a post-petition obligation of the *debtor* under the Post-Petition Engagement Agreement that is not subject to the Automatic Stay. ECF # 5, pgs. 29-30.

The second Counterclaim seeks a determination that Fresh Start Funding's Financing Model does not implicate the fee sharing prohibition of § 504, that the model B203 form devised by Fresh Start Funding satisfies § 329, and that the Financing Model does not violate WRPC 1.6 or 5.4.

## II. ARGUMENT AND AUTHORITY
### A. Filing of Additional Cases Does Not Create a Case and Controversy.

The first two-thirds of the United States Trustee's motion to dismiss argued that the counterclaims were not ripe for decision because the issues were not fit for decision, and the defendants had shown no hardship; that the case did not present a case or controversy; and that, in any event, the Court should exercise its discretion under the Declaratory Judgment Act to decline to hear the claims. Tellingly, Defendants limit their response to little more than a page at the tail-end of their Opposition, limited to arguing that there is a case or controversy as to all present and future cases because the United States Trustee filed adversary proceedings as to certain individual

---

[1] Unless otherwise noted, "Code" referrers to the United States Bankruptcy Code (11 U.S.C. §§ 1010, *et seq.*

UNITED STATES TRUSTEE'S REPLY

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 2 -

cases.

Notwithstanding Defendants' somewhat perfunctory rebuttal, their Counterclaims do not present a case and controversy. "[A] controversy is not sufficiently immediate or real where the parties' dispute is only hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40, 57 S. Ct. 461, 81 L. Ed. 617 (1937)). The hypothetical nature of the Defendants' Counterclaims is not changed by the fact that Defendants have filed three cases using the Fresh Start Funding Model since the filing of this Miscellaneous Proceeding, because Defendants are not seeking a ruling that is limited to those cases. Instead, Defendants are seeking a ruling that is applicable to all cases that any party may file under the model, cases which do not exist. If a case does not exist, there are no facts on which to apply the law, and any ruling would be entirely academic.

For example, the Ninth Circuit has already ruled that a bifurcated fee agreement is not a *per se* violation of the automatic stay or the discharge injunction; however, the work must actually be performed post-petition. *See Gordon v. Hines (In re Hines)*, 147 F.3d 1185 (9th Cir. 1998)[2]. In *Hines*, the court held that "claims for lawyers' compensation stemming from such postpetition

---

[2] It should be noted that the only other court of appeals to address this issue has rejected the result reached in *Hines*. *See Bethea v. Robert J. Adams & Assocs.,* 352 F.3d 1125, 1128-29 (7th Cir. 2003) (noting that "the *Hines* majority wrote that it thought the Code as written . . . is unsatisfactory as a matter of public policy, and it decided to do a little surgery . . . *Hines* conceded that it was going against the Code's language," and holding that the *Hines* reasoning "is not enough to support that decision's holding").

UNITED STATES TRUSTEE'S REPLY

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

services actually provided to the debtor really do not fall within the automatic stay provisions of Section 362(a)(6) or the discharge provisions of Section 727." *Id.* at 1191. However, the Ninth Circuit has also held that "[a] plain reading of the discharge provisions is that there is no exception for debts arising from pre-petition attorneys' fees." *Hessinger & Assocs. v. United States Trustee (In re Biggar),* 110 F.3d 685, 688 (9th Cir 1997). Thus, at the outset, there must be a determination that the work being done is actually being done post-petition. Without a filed case, the determination of when the work is being done cannot be made. As a result, any ruling sought by the Defendants on this issue that is not limited to a specific case would be entirely academic and advisory in nature. Therefore, a case and controversy does not exist, and the Defendants' Counterclaims must be dismissed.

### B. Sovereign Immunity Bars Defendants' Counterclaims.

1. Congress did Not Waive Sovereign Immunity for Claims Not Specifically Listed in Section 106(a).

The Defendants cannot bootstrap additional causes of action into § 106(a) through §§ 362 and 524. The well-known canon of construction, *inclusio unius, exclusio alterius* (the inclusion of one means the exclusion of others), (*see, e.g., O'Melveny & Myers v. Federal Deposit Insurance Corp.,* 129 L. Ed. 2d 67, 114 S. Ct. 2048 (1994)), requires that all Code sections not specifically listed in § 106(a) be excluded from Congress's waiver of sovereign immunity. Defendants state that their Counterclaims are not barred by sovereign immunity because they are seeking "an order on issues relating to the application of section [524]." ECF #18, pg. 4. While § 362 and § 524 are abrogated under § 106, all of the other causes of action cited by the Defendants in their Counterclaims are specifically excluded. Section 106(a) is clear. Sovereign immunity is not

UNITED STATES TRUSTEE'S REPLY

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 4 -

waived because a Code section that was specifically excluded from § 106(a) is "related" to another Code section that was included in the waiver. As such, sovereign immunity applies to all Code sections that are not specifically listed in § 106, which includes the majority of Defendants' Counterclaims.

      2.   *In re Pegasus Gold Corp.* is Inapplicable to this Case.

Further, the Defendants reliance on *In Re Pegasus Gold Corp.,* (394 F.3d 1189 (9th Cir. 2005)), is misplaced. *In re Pegasus Gold Corp.*, was decided based on the Eleventh Amendment, which is not applicable to this case because it "precludes suits 'in law or equity, commenced or prosecuted against *one of the United States by Citizens of another State*, or by Citizens or Subjects of any Foreign State.'" *Id.* (quoting *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 124 S. Ct. 1905, 1909, 158 L. Ed. 2d 764 (2004) (emphasis added). The United States Trustee is not "one of the United States," and thus the Eleventh Amendment is not applicable to him.

Furthermore, even if the Eleventh Amendment were applicable, waiver is limited to "claims that arise from the same transaction or occurrence as the state's claim." *In re Lazar*, 237 F.3d 967, 978 (9th Cir. 2001). The court in *Pegasus Gold Corp.*, examined the allowance of the defendant's counterclaim under the "logical relationship test" for compulsory counterclaims:

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

*In re Pegasus Gold Corp.,* 394 F.3d at 1195-96 (internal citation omitted). In this case, the Defendants have brought counterclaims based on hypothetical cases that have not been filed for actions that have not yet occurred. Other than providing an outline of Fresh Start Funding's

UNITED STATES TRUSTEE'S REPLY

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 5 -

business model, no facts exist in the Counterclaims, and as such, none of the facts necessary to deciding the Counterclaims can arise from the same transaction or occurrence – the Defendants' conduct in the five enumerated cases.

### 3. The United States Trustee Did Not Consent to Waiver of Sovereign Immunity.

Additionally, consent to jurisdiction is not a waiver of sovereign immunity. As noted by the Defendants, the United States Trustee consented to "adjudication and entry of final orders and judgments by the Bankruptcy Court." This statement is required by Federal Rule of Bankruptcy Procedure 7008, which states that "[i]n an adversary proceeding before a bankruptcy court, the complaint…shall contain a statement that the pleader does or does not consent to entry of final orders or judgments by the bankruptcy court." Waivers of sovereign immunity must be expressed and unequivocal. "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Village,* 503 U.S. 30, 33 (1992). Moreover, "[t]he traditional principle [is] that the Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarge[d] beyond what the language requires." *Id.* at 34 (internal quotations and citations omitted). As such, the statement referred to by the Defendants is not an unequivocal consent to waiver of sovereign immunity. Instead, the statement is required by the Federal Rules of Bankruptcy Procedure and means only that the United States Trustee consents to the entry of judgments and orders in this case by the bankruptcy court as opposed to the district court. Such consent is irrelevant to sovereign immunity – which would apply equally in either district court or bankruptcy court.

Moreover, even if one assumed for purposes of argument that the United States Trustee could waive sovereign immunity by bringing adversary proceedings and consenting to the

UNITED STATES TRUSTEE'S REPLY

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

bankruptcy court entering judgment in them, any such waiver would only apply to the cases at issue, not to any other matter (past, present, or future) that defendants choose to bring into the case. Otherwise, it would leave the extent of the Government's sovereign immunity entirely subject to the decision of a defendant.

## III.    CONCLUSION

The Defendants' Counterclaims should be dismissed.  Section 106 is clear, and Congress has not waived sovereign immunity in regards to Code sections not listed in that section. Defendants' cannot bootstrap their Counterclaims into §§ 362 and 524.  Furthermore, the case cited by the Defendants is inapplicable to this case because it is a proceeding under the Eleventh Amendment, and the United States Trustee is not one of "the United States."  Even if the Eleventh Amendment was applicable, the Counterclaims do not arise out of the same transaction or occurrence as the Complaint.  The fact that the Defendants have filed three cases using Fresh Start Funding's models since the complaint was filed does not change this result, nor does it give rise to an actual case and controversy.   Simply stated, the Defendants are seeking a broad ruling of universal application regarding Fresh Start Funding's business model in general, without reference to the facts of the undefined future individual cases to be controlled by the ruling.  Without an actual case, there are no facts to which to apply the applicable law.  For these reasons, the lack of waiver of sovereign immunity, the lack of a case and controversy, and for the additional reasons stated in the original Motion to Dismiss Counterclaims, the Defendants' Counterclaims must be dismissed.

DATED this Monday, August 31, 2020,

UNITED STATES TRUSTEE'S REPLY

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

1

2                              Respectfully submitted,

3                              Gregory M. Garvin
                                Acting U.S. Trustee for Region 18

4                              /s/ Matthew J.P. Johnson
                              Matthew J.P. Johnson, WSBA #40476

5                              Attorney for the United States Trustee

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES TRUSTEE'S REPLY

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566