Below is the Order of the Court.

*Mary Jo Heston*

**Mary Jo Heston**
**U.S. Bankruptcy Judge**

(Dated as of Entered on Docket date above)

___

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| UNITED STATES TRUSTEE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THOMAS MCAVITY AND NORTHWEST DEBT RELIEF LAW FIRM,<br><br>　　　　　Defendants | Miscellaneous Proceeding No. 20-00400-MJH<br><br>**NOTICE OF TRIAL**<br>**AND ORDER SETTING DEADLINES** |

### I. **Trial Setting and Requests for Continuance**

A. <u>Trial Setting</u>

This case is first set for a three day[1] non-jury trial commencing at **9:00 a.m.** on **February 23, 2021**, in the **United States Bankruptcy Court, 1717 Pacific Avenue, Courtroom H, Tacoma**, **Washington**.

B. <u>Continuances</u>

---

[1] If counsel anticipates that the trial will take longer than the length of time set forth in this order, counsel must, within ten (10) days of the date of this order, notify the Court and opposing counsel, by letter electronically filed with the Court, of the anticipated length of trial. The Court will then schedule a pretrial conference to facilitate any changes to the length of the trial and to discuss any other preliminary matters.

NOTICE OF TRIAL AND
ORDER SETTING DEADLINES - 1

All requests for trial continuances or an extension of the deadlines in this order will be considered only by motion and hearing set before the applicable deadline. A trial date will not be routinely extended absent a showing of diligent prosecution and compliance with this scheduling order. The exceptional circumstances warranting the continuance must be set forth in the motion.

The party seeking the continuance of a trial date shall contact Judge Heston's Courtroom Deputy, Sammii Bergeson, at (253) 882-3951 for available future trial dates prior to the hearing on the request for a continuance. If the parties have agreed to a continuance, it is the responsibility of the parties to confer prior to the hearing as to future trial dates. All parties must attend the hearing for a continuance.

## II. **Pretrial Procedures/Deadlines**

A. Consent to Entry of Final Adjudication and Corporate Ownership

Each party shall comply with the requirements of Fed. R. Bankr. P. 7008 and 7012(b). Each party shall also comply with Local Rules W.D. Wash. Bankr. 7012-1 by filing a Notice Regarding Final Adjudication and Consent not later than **October 2, 2020**. As set forth in Local Rules W.D. Wash. Bankr. 7012-1(c), failure by a party to file a Notice Regarding Final Adjudication and Consent by the deadline in this order shall constitute that party's consent to entry of final orders or judgments by the bankruptcy judge.

If a party is required to file a Corporate Ownership Statement under Fed. R. Bankr. P. 7007.1 such statement shall be filed not later than seven (7) days after entry of this order.

B. Limitation on Time to Amend Pleadings or Join Parties

1. *Amendments to Pleadings*

   All amendments to pleadings prior to trial shall be made no later than **November 2, 2020**. After this deadline the parties may request leave of the Court to amend pleadings by motion filed and served on notice to all parties.

2. *Joinder of a Party*

   Unless otherwise ordered following an appropriate motion, the deadline to join other parties is **October 16, 2020**. After this deadline any request to join a party shall be made by motion filed and served on notice to all parties.

C. Disclosures

NOTICE OF TRIAL AND
ORDER SETTING DEADLINES  - 2

1. *Initial Disclosures*

   All parties shall make the initial disclosures as required Fed. R. Civ. P. 26(a) and Fed. R. Bankr. P. 7026 by **October 2, 2020**. All counsel must meet face-to-face or by telephone within fourteen (14) days after the initial disclosures are due under this order to discuss the exchange of relevant information for purposes of discovery and the potential for settlement or alternative dispute resolution.

2. *Expert Disclosures*

   All parties shall make the expert disclosures required by Fed. R. Civ. P. 26(a)(2) and Fed. R. Bankr. P. 7026 by **November 25, 2020**.

D. Discovery

All discovery shall be completed by **December 23, 2020**. All counsel must meet face-to-face or by telephone within fourteen (14) days after the close of discovery to discuss the potential for settlement or alternative dispute resolution.

E. Mediation Certification

The parties shall file the Mediation Certification required by Local Rules W.D. Wash. Bankr. 9040-3 and if applicable not later than **December 23, 2020**.

F. Dispositive Motions

Dispositive Motions shall be filed and served with a hearing held no later than **December 17, 2020**.

G. Exhibits

All parties must exchange their proposed exhibits by **February 9, 2021**.

1. *Identification*

   A number sequence shall be used for all exhibits of all parties with prefixes indicating the offering party (i.e. P1, P2, etc.; D1, D2, etc.; Tr.1, Tr.2, etc.).

2. *Format*

   Any party submitting exhibits shall submit such exhibits in 3-ring binders. Binders shall include an index of exhibits and each exhibit shall be separated with an index tab marked with the identification as required above. Any documentary exhibits that can reasonably be submitted on 8 1/2 by 11 inch paper shall be, with text on one side only.

3. *Submission to Court*

NOTICE OF TRIAL AND
ORDER SETTING DEADLINES - 3

Parties intending to offer exhibits shall submit three (3) sets of 3-ring binders for use by the Court, the clerk, and witnesses no later than two (2) days prior to trial. The parties may contact the Courtroom Deputy for return of the binders following conclusion of the matter.

H. Technology Requests and Interpreters

1. *Technology Request*

   Any party requesting technological assistance or equipment from the Court (such as projectors, screens, or equipment for a translator) must make such request via letter filed in ECF at least seven (7) days prior to the scheduled trial date.

2. *Interpreters*

   A party intending to use an interpreter at trial shall file a statement identifying the name, address, telephone number and summary of qualifications of any interpreter no later than **February 9, 2021**. The statement shall also identify the witness for whom the interpreter is needed and the non-English language to be interpreted.

I. Trial Briefs

Trial briefs shall be filed by **February 12, 2021**. Each brief shall include that party's statement of the case, any applicable legal authorities, an identification of witnesses to appear for that party, and an enumerated list of exhibits intended to be introduced. Trial briefs shall also include as exhibits proposed findings of fact and conclusions of law. **Do not attach trial exhibits to the trial brief or file them in the electronic docket**.

J. Motions in Limine

Motions in Limine shall be filed by **February 16, 2021**. Responses, if any, shall be filed by **February 18, 2021**.

K. Confirmation

The plaintiff shall confirm that the trial is going forward **not later than 12:00 p.m. seven (7) days prior** to the scheduled trial date. Failure to confirm as required may result in the Court striking the trial date and dismissing the case with prejudice. The trial shall be confirmed using the E-docket Confirmation Process. Information concerning the use of the E-Docket Confirmation Process is available on the Court's website at http://www.wawb.circ9.dcn/. A party not represented by a lawyer may contact the Court to confirm the trial at (253) 882-3951.

L. <u>Settlement</u>

The parties shall promptly notify the Court if the matter is settled. Settlement documents shall be filed and approved by the Court on or before the trial date. In the event settlement approval has not been obtained, the parties must appear on the trial date and the settlement shall be set forth on the record. Failure of the parties to do so will result in the trial being stricken and the case dismissed with prejudice for failure to comply with this order.

### III. **Compliance**

Counsel/parties are advised that failure to comply with the procedures <u>and</u> deadlines set forth in this order, including the duty to provide the Court with updated documents as necessary, may result in sanctions, including but not limited to monetary sanctions, adverse evidentiary rulings, and/or dismissal of the action. Trials may be stricken and the case dismissed *with* prejudice or relief entered without further notice, and/or evidence excluded, for failure to comply with this order.

///End of Order///