**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES TRUSTEE<br><br>Plaintiff,<br><br>v.<br><br>THOMAS MCAVITY, and NORTHWEST DEBT RELIEF LAW FIRM,<br><br>Defendants. | Misc. P. No. 20-00400-MJH<br><br>STIPULATION BY AND BETWEEN GREGORY M. GARVIN, ACTING UNITED STATES TRUSTEE FOR REGION 18, AND THOMAS MCAVITY AND NORTHWEST DEBT RELIEF LAW FIRM |

## STIPULATION FOR ENTRY OF ORDER

Gregory M. Garvin, Acting United States Trustee for Region 18 (the "United States Trustee"), by and through his attorney, Matthew J.P. Johnson, and Thomas McAvity and Northwest Debt Relief Law Firm, hereby stipulate and agree as follows:

**A.  PARTIES**

1.      Thomas McAvity is a member of the Washington State Bar Association.  He was admitted to practice in Washington on July 12, 2004.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 1

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH    Doc 42    Filed 11/22/21    Ent. 11/22/21 14:05:54    Pg. 1 of 25

2.      Thomas McAvity is also licensed to practice law in the State of Oregon, where he was admitted to practice law on September 12, 2000, and in the State of Arizona, where he was admitted to practice law on May 14, 2018.

3.      Thomas McAvity's principal place of residence is in Phoenix, Arizona

4.      Northwest Debt Relief Law Firm is an Oregon Corporation formed in 2009, and is currently listed as inactive by the Oregon Secretary of State, Corporation Division. Northwest Debt Relief Law Firm is not currently registered with the Washington Secretary of State Corporations Division.

5.      Mark Ditton is an associate of Northwest Debt Relief Law Firm and Thomas McAvity. He is a member of the Washington State Bar Association and Oregon State Bar Association. Mr. Ditton was admitted to practice in Washington on November 19, 2012, and to the Oregon State Bar on October 4, 2000. Mr. Ditton currently resides in Vancouver, Washington.

B.  **PRIOR DISCIPLINARY HISTORY**

Thomas McAvity and Northwest Debt Relief Law Firm have been subject to remedial actions by the United States Trustee's Office for Region 18, on several prior occasions. The First was in the District of Oregon in December of 2015, under Miscellaneous Case Number 15-00304-PCM. Thomas McAvity also agreed to implement changes to his websites due to an inquiry by the United States Trustee's Seattle Office in September 2016. Thomas McAvity also agreed to implement changes to his office practices due to an inquiry by the United States Trustee's Seattle Office in March of 2017.

///

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 2

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

1. <u>Oregon Miscellaneous Disciplinary Proceeding</u>

a. On December 30, 2015, the Acting United States Trustee for Region 18, filed a Miscellaneous Proceeding under case number 15-00304, in the Bankruptcy Court for the District of Oregon (the "Miscellaneous Proceeding"). The Miscellaneous Proceeding was based on the conduct of Mr. McAvity and Northwest Debt Relief Law Firm in four separate consumer bankruptcy cases.

b. *In re Micah David Blank and Julie Anna Blank*, Bankruptcy Court for the District of Oregon Case No. 15-32345-pcm13. Mr. McAvity caused a petition for relief under Title 11, chapter 13, of the United States Code, to be filed for the Blanks on May 13, 2015. Mr. McAvity caused the filing of the petition to be filed at a time when he did not have the "wet" signatures on the petition in his possession and when the Blanks had not signed or reviewed the statement of financial affairs. The Blanks testified during the meeting of creditors that they had not received any paperwork from McAvity to go over and were not sure what was included in the bankruptcy. The Blanks further testified that the first time they reviewed the bankruptcy documents was on a phone five minutes before the meeting of creditors.

c. *In re Andrew Francis Meyer and Jillana Tappan Meyer*, Bankruptcy Court for the District of Oregon Case No. 15-63176-tmr13: Andrew Francis Meyer and Jillana Tappan Meyer (the "Meyers") filed a voluntary petition for relief under Title 11, chapter 13, of the United States Code on September 21, 2015. Mr. McAvity represented the Meyers in their chapter 13 case. The meeting of creditors in the Meyers' case was scheduled for November 5, 2015, at 9:00 a.m. (the "First Meeting"). The Meyers appeared at the First Meeting. Neither McAvity nor any other attorney appeared at the First Meeting to represent the Meyers. Mr. McAvity's failure to arrange

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 3

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH    Doc 42    Filed 11/22/21    Ent. 11/22/21 14:05:54    Pg. 3 of 25

for counsel to appear with the Meyers at the First Meeting caused the Meyers to have to attend a continued meeting of creditors and resulted in a continuation of the previously scheduled confirmation hearing.

d. *In re Rebecca Suzanne Seraphine*, Bankruptcy Court for the Western District of Washington Case No. 15-42758-PBS: On June 8, 2015, Rebecca Suzanne Seraphine ("Seraphine") met with Mr. McAvity at the Vancouver Office and signed her chapter 13 petition, schedules, statements, and related documents (the "Seraphine Bankruptcy Documents"). However, Seraphine was not sure that she wanted to file bankruptcy. Mr. McAvity agreed not to file the Seraphine Bankruptcy Documents until Seraphine authorized him to do so. Mr. McAvity filed the Seraphine Bankruptcy Documents in the Bankruptcy Court for the Western District of Washington on June 9, 2015, without Seraphine's authorization. Seraphine learned that the case had been filed after she received notification that her bank account was frozen due to her bankruptcy filing.

e. *In re Joseph Calvin Benoit and Deanna Louise Knight*, Bankruptcy Court for the District of Oregon Case No. 15-34611-pcm13: Joseph Calvin Benoit and Danna Louise Knight filed a voluntary petition for relief under Title 11, chapter 13, of the United States Code, on September 30, 2015 (the "Benoit/Knight Case"). The Court entered an order in the Benoit/Knight Case on October 1, 2015, requiring the filing of the missing schedules, statements, and other documents (the "Missing Documents") by October 15, 2015. The Missing Documents were not timely filed, and the Benoit/Knight Case was dismissed as a result on October 23, 2015. On October 27, 2015, Mr. McAvity filed a motion to reopen the Benoit/Knight Case. The motion stated that the Missing Documents had been signed by the debtors but were not filed by Mr.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 4

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

McAvity's office. Mr. McAvity represented that NW Debt Relief paid the reopening fee in the Benoit/Knight case and did not require the debtors to pay the fee.

      f.      McAvity and the United States Trustee entered a stipulated order that was signed by the court on January 6, 2016. Pursuant to the terms of the stipulation in the Miscellaneous Proceeding, Mr. McAvity Agreed to the following:

      i.      For a period of 30 days immediately following the entry of the Order, McAvity and NW Debt Relief shall not accept new chapter 13 bankruptcy clients in the District of Oregon or, for cases in which the meeting of creditors would be scheduled in Vancouver, Washington, in the Western District of Washington. This provision was not intended to impair McAvity's and NW Debt Relief's ability to accept new chapter 13 bankruptcy clients for cases in which the meeting of creditors will be held in Seattle, Washington or Tacoma, Washington.

      ii.      McAvity shall certify to this Court on a weekly basis for a period of 60 days that McAvity has personally reviewed the Courts' hearing calendars and the calendars for meetings of creditors in the District of Oregon and Western District of Washington. The certifications shall be filed by Friday of each week for the following week and shall certify that all scheduled meetings and hearings for NW Debt Relief clients are on the firm's calendar and appropriate appearances will be made by counsel. The first certification shall be filed on the first Friday following entry of the Order.

      iii.      McAvity shall review and comply with all rules, procedures, and agreements involving electronic case filing and document retention, including without

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 5

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH    Doc 42    Filed 11/22/21    Ent. 11/22/21 14:05:54    Pg. 5 of 25

limitation, Oregon LBR 5005-4(e), Oregon LBR 9011-4, and Oregon LBR 9037-1; Oregon's Administrative Procedures for Electronically Filing Case Documents (LBR 125); and Oregon's Attorney Registration for Participation in Electronic Case File (ECF) System (LBF 130).

iv. By March 31, 2016, McAvity shall take three hours of continuing legal education eligible for ethics credits on the subjects of bankruptcy law or consumer law.

v. McAvity and NW Debt Relief shall not accept any Oregon or Washington clients unless such clients reside within a 60-mile radius of a location of where McAvity and/or NW Debt Relief maintain a physical law office.

vi. McAvity shall comply with the requirements of Oregon LBR 9010-1(e) in all cases in which a client retains McAvity and/or NW Debt Relief for bankruptcy representation that is limited to less than all matters relating to the case.

2. **Additional United States Trustees Inquires**

a. McAvity has also been the subject of two additional inquiries.

b. The first inquiry was sent to McAvity on September 15, 2016 and included his failure to provided the 11 U.S.C. § 528 disclosures on his website.The inquiry was resolved through informal settlement with the United States Trustee.

c. The United States Trustee initiated a second inquiry on March 16, 2017, due to the filing of documents containing material misstatements and errors in four separate cases. The issues were resolved by additional training in the form of CLEs, and McAvity's agreement to implement changes in his office to ensure all documents were being properly reviewed.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 6

## C. **STIPULATED FACTS AS TO THE CURRENT ACTION**

The United States Trustee filed a Miscellaneous Proceeding against Thomas McAvity and Northwest Debt Relief Law Firm (collectively the Defendants) on June 8, 2020. The Complaint alleged causes of action under 11 U.S.C. §§ 105, 328, 526, 528, and 707, and Federal Rules of Bankruptcy Proceeding 2016 and 2017. Defendants filed an answer to the Complaint on June 13, 2020. The Complaint was based on the Defendants' conduct in five separate bankruptcy cases.

### C.1 **Pablo Ulibarri**

1. Debtor Pablo Ulibarri ("Mr. Ulibarri") filed a petition for relief under Title 11, chapter 7, of the United States Code on January 8, 2020. Mr. Ulibarri is an "assisted person" as that term is defined by 11 U.S.C. § 101(3). Defendants executed a fee agreement with Mr. Ulibarri on or around January 6, 2020. Mr. Ulibarri also signed the petition, schedules, and statements on January 6, 2020. The Defendants could not produce any records regarding when they first met with Mr. Ulibarri. As such it is impossible to determine if the Defendants provided Mr. Ulibarri with a fee agreement within five days of first providing bankruptcy assistance services as required by 11 U.S.C. § 528(a)(1) and (2).

2. While the petition, schedules, and statements were all signed on the same date, Mr. Ulibarri's schedules and statements were not filed until January 20, 2020. Further, Mr. Ulibarri signed a document entitled "Chapter 7 Post-Petition Fee Agreement" on or about January 14, 2020, for the completion of his case, even though the case was already substantially completed on January 8, 2020, and the Defendants were already required to represent him through the conclusion of his case. The Defendants also cannot show that the Chapter 7 Post-Petition Fee Agreement was

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 7

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH   Doc 42   Filed 11/22/21   Ent. 11/22/21 14:05:54   Pg. 7 of 25

provided to Mr. Ulibarri within 5 days of first providing post-petition bankruptcy assistance services.

3.     The Ulibarri Pre-Petition Fee Agreement did not clearly and conspicuously disclose the charges for the services. The Ulibarri Pre-Petition Fee Agreement provided that Mr. Ulibarri was to pay $300 towards attorney fees prior to filing the case.  The Ulibarri Pre-Petition Fee Agreement also provided that "Post-filing attorney fees will be $1,680 which includes the $235 court filing fee, and credit report fee (12 x $142.80 which includes a 2% processing fee)." However, 12 x $142.80 equals $1,713.60, not $1,680.00.

4.     The Ulibarri Post-Petition Fee Agreement also failed to clearly and conspicuously disclose the charges for the services.   The Ulibarri Post-Petition Fee Agreement contained different payment terms from the Ulibarri Pre-Petition Fee Agreement and indicated that "the Client agrees to an attorney fee of $1378.00 ($145.60 x 12) which includes a 2% filing fee and court filing fee." Again, $145.60 x 12 equals $1,713.60, not $1,378.00.  Further, the statement of compensation filed in the bankruptcy case indicated that the total attorney fee would be $1,745.00.

5.     The United States Trustee alleges Defendants' various fee agreements  do not clearly and conspicuously describe the services that the Defendants would provide based on the various options under the Pre-Petition and Post-Petition Fee Agreements.  For example, the Ulibarri Pre-Petition Fee Agreement provided that "Attorney's contractual responsibility will end upon the completion of the filing of the case. However, Attorneys will remain professionally obligated to serve as counsel for Client until the court allows Attorney to formally withdraw."  The Ulibarri Pre-Petition Agreement, however, does not define the difference between a "contractual responsibility" and a "professional responsibility."  Instead, the Ulibarri Pre-Petition Fee

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 8

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Agreement references another document, "Section one of the Exhibit Chapter 7 Post-Petition Fee Agreement."

6.     The Ulibarri Post-Petition Fee Agreement does not contain section numbers, and the first section of that agreement defines the parties, the debtor's right to cancel the agreement, and the payment terms, not the Defendants' "Professional" or "Contractual" obligations. Although the second section of the agreement discloses that it is "unlikely that a withdrawal will be approved" unless the Defendants complete certain obligations from the preparation of the petition through the meeting of creditors, Mr. Ulibarri was not informed through the agreement that those obligations are all that is required in a typical bankruptcy case.

7.     The United States Trustee alleges that the second section of the Ulibarri Post-Petition Fee Agreement is not clear and conspicuous. The second section list several "risks of representing yourself," and implies that these risks will be reduced if the assisted person pays the Defendant's post-petition fees. However, Defendants specifically exclude representation of these matters on the Statement of Compensation.   For example, some of the "risks" highlighted by the Defendants is the risk that a creditor may file an objection to discharge or motion for relief from stay. Retention of the Defendants post-petition would not help alleviate these risks because the Disclosure of Compensation filed by the Defendants in Mr. Ulibarri's case expressly provides that the fees paid do not include "[r]epresentation of the debtors in any dischargeability actions [or]…relief from stay actions."

8.     The second section of the Ulibarri Post-Petition Fee Agreement also lists the risk associated with the reaffirmation process; however, the Disclosure of Compensation also expressly excludes negotiation of reaffirmation agreements.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 9

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

9.      Based on Mr. Ulibarri's section 341 meeting of creditors testimony, he was never informed by the Defendants that the post-petition attorney fees were dischargeable or that the Defendants would be required to continue to represent him through the conclusion of the case if he did not pay the fees.

10.     The Defendants did not keep time records to show when the work was done on Mr. Ulibarri's case and cannot show the value of services provided post-petition. In addition, the schedules, petition, and statements were already completed, and the Defendants were already obligated to remain as counsel through the conclusion of his case, when Mr. Ulibarri signed the post-petition fee agreement. As such, the value of the post-petition services was minimal in comparison to the pre-petition services.

### C2.   __APRIL ROSS__

11.     Debtor April Ross ("Ms. Ross") filed a petition for relief under Title 11, chapter 7, of the United States Code on January 9, 2020. Ms. Ross is an "assisted person" as that term is defined by 11 U.S.C. § 101(3). Defendants executed a fee agreement with Ms. Ross on or around January 6, 2020. Ms. Ross also signed the petition, schedules, and statements on January 7, 2020. Ms. Ross filed a prior bankruptcy with the Defendant's in 2011, but the Defendants could not produce records regarding when they first met with Ms. Ross regarding the filing of the January 9, 2020, petition. As such it is impossible to determine if the Defendants provided Ms. Ross with a fee agreement within five days of first providing bankruptcy assistance services as required by 11 U.S.C. § 528(a)(1) and (2).

12.     Defendants sent Ms. Ross a Post-Filing Fee Agreement on January 14, 2020. Ms. Ross signed the balance of schedules and statements on January 24, 2020, and the Defendants filed the

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 10

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

balance of Ms. Ross's schedules and statements with the Court on January 25, 2020. Ms. Ross did not sign the Ross Post-Petition Fee Agreement until February 12, 2020, which was the same date as the section 341 meeting of creditors and long after the balance of schedules and statements had been prepared and filed with the Court. Therefore, the Debtor was not provided with a fully executed copy of the Ross Post-Petition Fee Agreement within five days of the Defendants first providing bankruptcy assistance services to her. Further, the agreement was signed only after the Defendants had substantially completed Ms. Ross's case.

13.     The Ross Pre-Petition Fee Agreement did not clearly and conspicuously disclose the fees to be charged. The Ross Pre-Petition Fee Agreement provided that Ms. Ross was to pay $300 towards attorney fees prior to filing the case. The Ross Pre-Petition Fee Agreement also provided that "Post-filing attorney fees will be $1,680 which includes the $235 court filing fee, and credit report fee (12 x $142.80 which includes a 2% processing fee)." However, 12 x $142.80 equals $1,713.60, not $1,680.

14.     The Ross Post-Petition Fee Agreement also failed to clearly and conspicuously disclose the charges for the services. The Ross Post-Petition Fee Agreement contained different payment terms from the Ross Pre-Petition Fee Agreement and indicated that "the Client agrees to an attorney fee of $1378.00 ($145.60 x 12) which includes a 2% filing fee and court filing fee." Again $145.60 x 12 equals $1,747.20, not $1,378.00. Further, the statement of compensation filed in the bankruptcy case indicated that the total attorney fee would be $1,745.00.

15.     The Ross Pre-Petition Fee Agreement and the Ross Post-Petition Fee agreement are nearly identical to the Ulibarri Pre-Petition Fee Agreement and the Ulibarri-Post-Petition Fee Agreement.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 11

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Both sets of agreements contain the same terms regarding the services to be provided to the debtors, which terms are neither clear nor conspicuous.

16.     Based on her testimony at the section 341 meeting of creditors testimony, Ms. Ross did not understand that the Defendants were required to continue to represent her and to finish her bankruptcy case regardless of whether she paid the fees associated with the Ross Post-Petition Agreement, nor did she understand that she was not obligated to pay the remaining attorneys' fees and that those fees could be discharged in the bankruptcy proceeding.

17.     The Defendants did not keep time records to show when the work was done on Ms. Ross's case and cannot show the value of services provided post-petition.  In addition, the schedules, petition, and statements were already completed, and the Defendants were already counsel of record when Ms. Ross signed the post-petition fee agreement.  As such, the value of the post-petition services was minimal in comparison to the pre-petition services.

C.3     **JEFFERY AND MISTY ZIMMERMAN**

18.     Debtors Jeffery and Misty Zimmerman (the "Zimmermans") filed a petition for relief under Title 11, chapter 7, of the United States Code on January 10, 2020.  Jeffery and Misty Zimmerman each qualify as an "assisted person" as that term is defined by 11 U.S.C. § 101(3).  The Defendants first met with Misty Zimmerman sometime in 2018, and while the Defendants and Misty Zimmerman executed a fee agreement for representation in a chapter 13 case, the Zimmermans were never provided with a fee agreement for representation in a chapter 7 case prior to signing the petition on January 6, 2020, or the filing of the chapter 7 case on January 10, 2020.   As such the Defendants did not provide the Zimmermans with a fee agreement within five days of first providing bankruptcy assistance services or the filing of the case that clearly and conspicuously

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 12

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

disclose the fees and the services to be performed in a chapter 7 case as required by 11 U.S.C. § 528(a)(1) and (2).

19.     Jeffrey and Misty Zimmerman were provided with a post-petition fee agreement on January 14, 2020, and signed the balance of schedules and statements on January 23, 2020. Defendants filed the balance of the Zimmermans' schedules and statements with the Court on January 24, 2020.  Misty Zimmerman signed a post-petition fee agreement on April 14, 2020, one day prior to the entry of the order of discharge in the case.  The Defendants were unable to produce a fee agreement signed by Jeffrey Zimmerman. Therefore, the Zimmermans were not provided with a fully executed copy of the Zimmerman Post-Petition Fee Agreement within five days of the Defendants first providing post-petition bankruptcy assistance services to them.  Further, the agreement was signed only after the Defendants had substantially completed the Zimmerman's case.

20.     The Zimmerman Pre-Petition Fee Agreement did not clearly and conspicuously disclose the fees to be charged or the services to be provided because no pre-petition fee agreement for representation in a chapter 7 case was ever provided to the Zimmermans.

21.     The Zimmerman Post-Petition Fee Agreement did not clearly and conspicuously disclose the fees for the services.  The Zimmerman Post-Petition Fee Agreement indicated that "the Client agrees to an attorney fee of $2024 ($172.04 x 12) which includes a 2% processing fee, the remaining filing fee and credit report fee."  However, $172.04 x 12 equals $2,064.48, not $2,024.00.  Further, the statement of compensation filed in the bankruptcy case indicated that the total attorney fee would be $1,712.00.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 13

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

22.     The United States Trustee alleges that the Zimmerman Post-Petition Fee agreement is nearly identical to the Ulibarri-Post-Petition Fee Agreement and the Ross Post-Petition Fee Agreement.  All of the agreements contain the same terms regarding the services to be provided to the debtors, which terms are neither clear nor conspicuous.

23.     Based on their testimony at the section 341 meeting of creditors, Jeffery and Misty Zimmerman did not understand the agreements. The Zimmermans were asked whether they were advised that they did not need to sign the Post-Petition Fee Agreement and that the Defendants would still be required to remain as counsel through conclusion the case even if they did not pay the defendants any more money. Mr. Zimmerman answered that he did not remember, and Ms. Zimmerman testified that they discussed making payments of $140.00 per month for 12 months. The chapter 7 trustee then asked, "did he tell you didn't have to pay him anything and he'd still have to finish it." The Zimmermans both answered "No."

C.4     **LORI CAREY**

24.     Debtor Lori Carey ("Ms. Carey") filed a petition for relief under Title 11, chapter 7, of the United States Code on December 27, 2019.  Ms. Carey is an "assisted person" as that term is defined by 11 U.S.C. § 101(3).  Defendants never executed a fee agreement with Ms. Carey prior to the filing of the petition as required by 11 U.S.C. § 528(a)(1) and (2).

25.     Ms. Cary had her section 341 meeting of creditors on January 28, 2020.  Ms. Carey then signed a post-petition fee agreement on or around February 4, 2020, after all of the services outlined in the Cary Post-Petition Agreement had been completed.

26.     The Carey Post-Petition agreement does not clearly and conspicuously describe the fees to be paid. The Carey Post-Petition Agreement provided that the "Client agrees to an attorney fee of

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 14

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

$1680 ($145.60 x 12) which includes a 2% processing fee, the remaining filing fee and credit report fee." As with the other agreements, $145.60 x 12 equals $1,747.20, not $1,680.00.

27.     The United States Trustee alleges that the Carey Post-Petition Fee agreement is nearly identical to the Ulibarri-Post-Petition Fee Agreement, the Ross Post-Petition Fee Agreement, and the Zimmerman Post-Petition Fee Agreement. All of the agreements contain the same terms regarding the services to be provided to the debtors, which terms are neither clear nor conspicuous.

28.     The Defendants did not keep track of their post-petition time in order to justify the fees collected post-petition.

29.     Ms. Carey was asked at her section 341 meeting of creditors if she had been advised that she was under no obligation to pay the remaining attorney fees, to which she responded "No."

### C.5     JONATHAN ATALIG

30.     Debtor Jonathan Atalig ("Mr. Atalig") filed a petition for relief under Title 11, chapter 7, of the United States Code on January 17, 2020. Mr. Atalig is an "assisted person" as that term is defined by 11 U.S.C. § 101(3).

31.     The Atalig Pre-Petition Fee Agreement does not clearly and conspicuously define the payment terms. Defendants executed a pre-filing fee agreement with Mr. Atalig on January 9, 2020. Per the terms of the Atalig Pre-Petition Fee Agreement, he agreed to pay $400.00 prior to filing, of which $100 would be paid towards the filing fee. The agreement also provided that "Post-filing attorney fees will be $1680 + $235 court filing fee, for a total of $2,315.00." However, $1,680.00 plus $235.00 equals only $1,915.00.

32.     The Atalig Post-Petition Fee Agreement does not clearly and conspicuously define the payment terms. Mr. Atalig executed a post-petition fee agreement with the Defendants on February

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 15

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH     Doc 42     Filed 11/22/21     Ent. 11/22/21 14:05:54     Pg. 15 of 25

6, 2020.  Pursuant to the terms of the Atalig Post-Petition Fee Agreement, Mr. Atalig agreed to pay "1378.00 ($145.60 x 12) which includes a 2% processing fee and court filing fee." Once again $145.60 x 12 equals $1,759.12, not $1,378.00.

33.     The Disclosure of Compensation filed by the Defendants indicated that Mr. Atalig had paid $367.00 in attorney fees prior to the filing of the case, not $300 as indicated in the pre-petition fee agreement.

34.     The United States Trustee alleges that the Atalig Pre-Petition Fee Agreement and the Atalig Post-Petition Fee Agreement are nearly identical to the other fee agreements in this case.  All of the agreements contain the same terms regarding the services to be provided to the debtors, which terms are neither clear nor conspicuous.

35.     The Defendants did not keep track of their post-petition time in order to justify the fees collected post-petition.

36.     The Defendants did not keep track of when they first met with Mr. Atalig, therefore, it cannot be determined if the Defendants executed a written agreement with Mr. Atalig within five days of first providing bankruptcy assistance services as required by 11 U.S.C. § 528(a).

37.     The Defendants did not execute the Atalig Post-Petition Fee Agreement within five days of providing post-petition services to Mr. Atalig.

C.6     **PATTERN AND PRACTICE OF VIOLATIONS**

38.     The United States Trustee requested documents, including pre-petition fee agreements, post-petition fee agreements, and original signed documents for cases filed by the Defendants between January 1, 2019, and the filing of the Complaint in this Miscellaneous Proceeding on June

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 16

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH     Doc 42     Filed 11/22/21     Ent. 11/22/21 14:05:54     Pg. 16 of 25

8, 2020. Defendants provided documents relating to 158 cases and identified 115 cases that were filed with a bifurcated fee arrangement.

39.     The United States Trustee identified fifty-three cases that were filed by the Defendants without having any kind of executed pre-petition fee agreement with the debtors.  In another four cases, the "pre-petition" fee agreements were signed after the filing of the petition and in two cases there are signed fee agreements, but the agreements were not dated.

40.     Binding authority in the Ninth Circuit holds that attorney's fees incurred for pre-petition work in a chapter 7 case are discharged in a debtor's bankruptcy case. *See Hessinger & Assocs. v. United States Trustee (In re Biggar),* 110 F.3d 685 (9th Cir. 1997); *Gordon v. Hines (In re Hines),* 147 F.3d 1185 (9th Cir. 1998); *American Law Ctr. PC, v. Stanley (In re Jastrem)*, 253 F.3d 438 (9th Cir. 2001).

41.     Defendants did not keep contemporaneous time records supporting their claims for fees in any of the cases filed with a bifurcated fee between January 1, 2019, and the filing of the Complaint; therefore, the Defendants have not presented any evidence that their fees are reasonable or that the fees are not debts arising from pre-petition legal services that are subject to discharge.

42.     None of the fee agreements used by the Defendants in the cases filed with a bifurcated fee agreement between January 1, 2019, and the filing of the Complaint disclose to the debtors that attorney's fees incurred for pre-petition work in a chapter 7 case are discharged in a debtor's bankruptcy case.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 17

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

43.    Out of the 158 case files reviewed by the United States Trustee during discovery, approximately one-third (1/3) of case files that should have a fully executed post-petition fee agreement lacked such an agreement.

44.    Eight of the post-petition fee agreements produced by Defendants contained the following, or similar language: "In exchange for post-petition services, Client agrees to an attorney fee of $1680.00 (142.80 x 12) which includes a 2% processing fee, the remaining filing fee and credit report fee." Payments of $142.80 x 12 equals $1,713.60, which is 2% more than $1,680.00. Therefore, the fees do not include the 2% processing fee; instead, the 2% fee is in addition to the $1,680.00. Also of note, the fee agreement does not provide a breakdown of the portion of the $1,680.00 that is attributable to the attorney's fees versus what portion is attributable to other costs and the processing fee.

45.    Fifteen of the post-petition fee agreements produced by Defendants contained the following or similar language: "In exchange for these post-petition services, Client agrees to an attorney fee of $1378 ($145.60 x 12) which includes a 2% processing fee and court filing fee." Payments of $145.60 x 12 equals $1,747.20. Again, the debtor is not provided with a breakdown regarding what portion of the fee is attributable to attorney fees and what portion is attributable to the 2% fee and court filing fee.

46.    Approximately thirty other cases wherein a fully executed post-petition agreement was produced contained misleading, confusing, or deceptive math including account records that show payments of more than was agreed to in the fee agreement, charging the 2% fee when the fee agreement states that it is included in the fee, or containing fees with amounts in parentheses that do not add up to the stated amount of the fees and costs.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 18

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

47.    The United States Trustee alleges that all the post-petition fee agreements fail to clearly state the Defendants are required to remain in the case and continue providing services in the case once filed, unless withdrawal was approved by the court, regardless of whether the debtors pay any additional fees. Nor do the agreements clearly inform a potential debtor that any fees incurred prior to the filing of the petition will be discharged in the debtor's bankruptcy case.

48.    All of the post-petition fee agreements contain references to multiple external documents, do not use defined terms consistently, make references to sections of documents that do not exist, do not clearly define the difference between a contractual duty and a professional duty, and do not clearly disclose the risk of opting not to sign a post-petition fee agreement.

C.7    **THE WEBSITES**

49.    The Defendants maintained several websites that advertised "Bankruptcy Assistance" to "Assisted Person(s)," as those terms are defined by the Code. Three of those websites, www.seattle-bankruptcyattorney.net, www.vancouver-bankruptcyattorney.net, and www.tommcacity.com (the "Websites") failed to include the statement "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code" or a substantially similar statement.

50.    At all relevant times, the Websites contained links that described the Defendants' post-petition fee structure. Such pages advised Assisted Persons and potential Assisted Persons that they can make payments on the post-filing attorney fees in easy monthly installments with no further description of the process or legal requirements.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 19

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

51.    Defendants were aware that if they filed a case for an Assisted Person, absent a court order, they are required to continue representing that Assisted Person post-petition regardless of whether the Assisted Person signs a post-petition fee agreement.  Defendants were also aware that if they moved to withdraw from a case because an Assisted Person did not sign a post-petition fee agreement that it was unlikely a court would sign such an order.

52.    The United States Trustee alleges that Assisted Persons and potential Assisted Persons who visited the Websites could be misled regarding their obligation to pay attorney's fees post-petition, insofar as the Websites do not disclose that Defendants are required to represent an Assisted Person post-petition regardless of whether the Assisted Person pays any post-petition fees or signs a post-petition fee agreement and that the Defendants can only bill a client post-filing for services performed post-filing.

## D.    ADMISSIONS

1.    Defendants engaged in a pattern and practice of failing to clearly and conspicuously disclose the services they are required to provide regardless of whether a debtor chooses to sign a post-petition fee agreement.

2.    Defendants engaged in a pattern and practice of failing to provide clear and conspicuous written payment terms to the debtors that explain the fees and charges for the services offered;

3.    Defendants engaged in a pattern and practice of failing to clearly and conspicuously disclose that their fees related to work done on a case prior to the filing of a petition would be discharged in the debtor's bankruptcy case. Further, the Defendants failed to keep track of the time they spent on a case pre-petition versus post-petition.  As a result, Defendants cannot justify the fees they billed the debtors after the filing of the petitions.

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 20

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA  98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

4.    Defendants engaged in a pattern and practice of failing to execute written contracts with the debtors within five days of providing bankruptcy assistance services that clearly and conspicuously describe the services to be provided and the fees to be charged;

5.    The Defendants' use of the Websites, Pre-Petition Agreements, and the applicable Post-Petition Fee Agreements misled debtors regarding their rights, their obligations to pay fees post-petition, and the amount of fees being charged.

6.    The Defendants failed to comply with the provisions of 11 U.S.C. §§ 526, 527, and 528.

7.    The Defendants engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526

## E.    STIPULATION REGARDING PROPOSED ORDER

1.    Based on the foregoing Stipulated Facts, the Acting United States Trustee for Region 18 and Defendants (the "Parties") stipulate to resolving the above-entitled Miscellaneous Proceeding regarding Defendants' conduct in the case of Pablo Ulibarri, filed under case number 20-40048-MJH; April Ross, filed under case number 20-40064-MJH; Jonathan Atalig, filed under case number 20-40145-MJH; Lori Cary, filed under case number 19-14667-MLB; and Jeffrey and Misty Zimmerman, filed under case number 20-10082-CMA (collectively the "Cases").

a)    The Parties, therefore, stipulate to the entry of an Order requiring Defendants to (1) refund to the debtors in the Cases all attorney's fees received by Defendants from the debtors, (2) cease representing clients in Bankruptcy and providing Bankruptcy Assistance Services in any Court in the State of Washington for a period of seven (7) years, (3) to withdraw from all bankruptcy cases in which the Defendants are currently the attorney of record, and (4)

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 21

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH    Doc 42    Filed 11/22/21    Ent. 11/22/21 14:05:54    Pg. 21 of 25

to add language that is consistent with the requirements of 11 U.S.C. § 528(a)(4) to all advertising materials and websites (the "Order").

b) Within thirty (30) days from the date of the entry of the Order Defendants will issue a full refund of all attorney's fees collected in the Cases, whether such fees were collected pre-petition or post-petition, and will cease the collection of any additional fees from such debtors. Defendants will file a certification with the Court, signed under penalty of perjury, that the refunds have been issued within fourteen (14) days of the refunds having been issued.

c) Beginning the Date this Order is entered by the Court for a period of seven (7) years (the Practice Bar), the Defendants, directly or indirectly and individually or through any other corporation or entity, shall not accept or represent consumer bankruptcy debtors or render services in connection with bankruptcy cases or matters brought in, or pending before, or for which proper venue would be the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington, including the preparation and filing of bankruptcy petitions. After the Practice Bar has elapsed, the Defendants may petition this Court for reentry to practice bankruptcy in the State of Washington.

d) The Defendants shall not solicit or advertise the firm's provision of bankruptcy related services or seek to be retained in connection with contemplated or pending bankruptcy filings before the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington during the Practice Bar and until a petition for reentry to practice has been granted by this Court. The

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 22

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH    Doc 42    Filed 11/22/21    Ent. 11/22/21 14:05:54    Pg. 22 of 25

Defendants further shall not accept any fees or payments in any form for bankruptcy assistance for an individual where proper venue for a bankruptcy filing is the Western District of Washington or the Eastern District of Washington. In the event an assisted person has a change in circumstances that results in venue being proper in the Western or Eastern District of Washington, the Defendants shall notify the client that it is unable to serve the client, and that client shall be refunded all fees.

e) During the Practice Bar, the Defendants shall include a conspicuous statement on the Websites disclosing that they do not provide bankruptcy assistance or bankruptcy related services to, or file bankruptcy cases on behalf of, clients for whom proper venue for a bankruptcy filing is the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington.

f) The Defendants shall seek to withdraw from all bankruptcy cases in which they are currently on record as counsel for the debtor in the State of Washington within thirty (30) days from the date that the Order is entered by the Court. The Defendants shall send notice to all clients affected by the Order of the Defendants' withdrawal and inform such clients that they have the right to choose their own attorney and must consent to the substitution of any attorney on their behalf.

2. This Stipulation and Order settles all matters raised in the Complaint. Nothing in this Stipulation or the Order affects:

a) Matters in any jurisdiction outside of the Western District of Washington.

b) The United States Trustee's duties under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, nor the United States Trustee's ability to refer Defendants' conduct

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 23

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH    Doc 42    Filed 11/22/21    Ent. 11/22/21 14:05:54    Pg. 23 of 25

to the relevant state bar, the United States Attorney, or other state or federal government agency.

    c) The United States Trustee's ability to take any other action not based on 11 U.S.C. §§ 527 and 528, that arose prior to the date of this stipulation in the Western District of Washington he deems appropriate in any other bankruptcy case.

    d) The United States Trustee's ability to take any action on any of the Cases that the United States Trustee deems appropriate to the extent such action is not related to the conduct and deficiencies summarized in the Stipulation.

3.     This Stipulation and the Order have no effect on the rights of Defendants' clients, bankruptcy trustees, creditors, or other parties in interest.

4.     Nothing in this Stipulation nor the Order alter, limit, or affect the Defendant's existing or future obligations under the Washington Rules of Professional Conduct, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules, or any other order of this Court or any other court.

5.     The Court shall retain exclusive jurisdiction to enforce the terms of this Stipulation and the Order as well as to hear and adjudicate any motion for their enforcement or contempt of the Order as well as to hear and adjudicate any petition for reentry that Defendants may file pursuant to Section E, 1, (c).

IT IS SO AGREED AND STIPULATED:

*/s/ Thomas McAvity*                             Dated: <u>11/20/2021</u>
Thomas McAvity, WSBA #35197
Defendant

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 24

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

Case 20-00400-MJH   Doc 42   Filed 11/22/21   Ent. 11/22/21 14:05:54   Pg. 24 of 25

_/s/ Northwest Debt Relief Law Firm by Thomas McAvity_      Dated: 11/20/2021
Northwest Debt Relief Law Firm, by
Thomas McAvity, WSBA #35197
Defendant


Gregory M. Garvin
Acting U.S. Trustee for Region 18


_/s/ Matthew J.P. Johnson_      Dated: 11/22/2021
Matthew J.P. Johnson, WSBA #40476
Attorney for the United States Trustee

STIPULATION BETWEEN MCAVITY,
NORTHWEST DEBT RELIEF
AND THE U.S. TRUSTEE- 25

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566