Entered on Docket November 29, 2021



Submitted But not Entered.

_____
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

**Telephonic presence required at the hearing on December 2, 2021, at 9 a.m.**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES TRUSTEE<br><br>Plaintiff<br><br>v.<br><br>THOMAS MCAVITY, and NORTHWEST DEBT RELIEF LAW FIRM,<br><br>Defendants | Misc. P. No. 20-00400-MJH<br><br>STIPULATED ORDER REQUIRING THOMAS MCAVITY AND NORTHWEST DEBTOR RELIEF LAW FIRM TO REFUND ATTORNEY'S FEES, BARRING DEFENDANTS FROM PRACTICE IN WASHINGTON AND REQUIRING DEFENDANTS TO ADD LANGUAGE TO ADVERTISING MATERIAL |

Based upon the Stipulation by and between Gregory M. Garvin, Acting United States Trustee for Region 18, and Thomas McAvity and Northwest Debt Relief Law Firm (the "Stipulation"), the United States Trustee and Defendants stipulate to resolving the above-entitled Miscellaneous Proceeding, regarding Defendants' conduct in the case of Pablo Ulibarri, filed under case number 20-40048-MJH; April Ross, filed under case number 20-40064-MJH; Jonathan

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 1 -

Case 20-00400-MJH    Doc 43    Filed 11/29/21    Ent. 11/29/21 15:36:02    Pg. 1 of 5

Atalig, filed under case number 20-40145-MJH; Lori Cary, filed under case number 19-14667-MLB; and Jeffrey and Misty Zimmerman, filed under case number 20-10082-CMA (collectively the "Cases") now, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Within thirty (30) days from the date of the entry of this Order Defendants will issue a full refund of all attorney's fees collected in the Cases, whether such fees were collected pre-petition or post-petition, and will cease the collection of any additional fees from such debtors. Defendants will file a certification with the Court, signed under penalty of perjury, that the refunds have been issued within fourteen (14) days of the refunds having been issued.

2. Beginning the Date this Order is entered by the Court for a period of seven (7) years (the Practice Bar), the Defendants, directly or indirectly and individually or through any other corporation or entity, shall not accept or represent consumer bankruptcy debtors or render services in connection with bankruptcy cases or matters brought in, or pending before, or for which proper venue would be the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington, including the preparation and filing of bankruptcy petitions. After the Practice Bar has elapsed, the Defendants may petition this Court for reentry to practice bankruptcy in the State of Washington.

3. The Defendants shall not solicit or advertise the firm's provision of bankruptcy related services or seek to be retained in connection with contemplated or pending bankruptcy filings before the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington during the Practice Bar and until

ORDER
Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 2 -

Case 20-00400-MJH    Doc 48    Filed 11/29/21    Ent. 11/29/21 15:36:02    Pg. 2 of 5

a petition for reentry to practice has been granted by this Court. The Defendants further shall not accept any fees or payments in any form from any individual for whom proper venue for a bankruptcy filing is the Western District of Washington or the Eastern District of Washington. In the event an assisted person has a change in circumstances that results in venue being proper in the Western or Eastern District of Washington, the Defendants shall notify the client that it is unable to serve the client, and that client shall be refunded all fees.

4. During the Practice Bar, the Defendants shall include a conspicuous statement on the Websites disclosing that they cannot provide bankruptcy related services to, or file bankruptcy cases on behalf of, clients for whom proper venue for a bankruptcy filing is the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington.

5. The Defendants shall seek to withdraw from all bankruptcy cases in which they are currently on record as counsel in a bankruptcy case in the State of Washington within thirty (30) days from the date that the Order is entered by the Court. The Defendants shall send notice to all clients affected by the Order of the Defendants' withdrawal and inform such clients that they have the right to choose their own attorney and must consent to the substitution of any attorney on their behalf.

1. This Order settles all matters raised in the Complaint. Nothing in this Order or the Stipulation affects:

   a) Matters in any jurisdiction outside of the Western District of Washington.

   b) The United States Trustee's duties under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, nor the United States Trustee's ability to refer Defendants' conduct

ORDER
Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 3 -

Case 20-00400-MJH    Doc 43    Filed 11/29/21    Ent. 11/29/21 15:36:02    Pg. 3 of 5

to the relevant state bar, the United States Attorney, or other state or federal government agency.

c) The United States Trustee's ability to take any other action not based on 11 U.S.C. §§ 527 and 528, that arose prior to the date of this stipulation in the Western District of Washington he deems appropriate in any other bankruptcy case.

d) The United States Trustee's ability to take any action on any of the Cases that the United States Trustee deems appropriate to the extent such action is not related to the conduct and deficiencies summarized in the Stipulation.

6. This Stipulation and the Order have no effect on the rights of Defendants' clients, bankruptcy trustees, creditors, or other parties in interest.

7. Nothing in the Stipulation or this Order alter, limit, or affect the Defendants' existing or future obligations under the Washington Rules of Professional Conduct, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules, or any other order of this Court or any other court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 4 -

Case 20-00400-MJH    Doc 48    Filed 11/29/21    Ent. 11/29/21 15:36:02    Pg. 4 of 5

8. The Court shall retain exclusive jurisdiction to enforce the terms of the Stipulation and this Order as well as to hear and adjudicate any motion for their enforcement or contempt of the Order as well as to hear and adjudicated any petition for reentry filed by Defendants pursuant to Paragraph 1, above.

Presented By:

*/s/ Thomas McAvity*
Thomas McAvity, WSBA #35197
Defendant

*/s/ Northwest Debt Relief Law Firm*
Northwest Debt Relief Law Firm, by
Thomas McAvity, WSBA #35197
Defendant

Gregory M. Garvin
Acting U.S. Trustee for Region 18

*/s/ Matthew J.P. Johnson*
Matthew J.P. Johnson, WSBA #40476
Attorney for the United States Trustee

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 5 -

Case 20-00400-MJH    Doc 43    Filed 11/29/21    Ent. 11/29/21 15:36:02    Pg. 5 of 5