# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES TRUSTEE<br><br>Plaintiff<br><br>v.<br><br>THOMAS MCAVITY, and NORTHWEST DEBT RELIEF LAW FIRM,<br><br>Defendants | Misc. P. No. 20-00400-MJH<br><br>STIPULATED ORDER REQUIRING THOMAS MCAVITY AND NORTHWEST DEBTOR RELIEF LAW FIRM TO REFUND ATTORNEY'S FEES, BARRING DEFENDANTS FROM PRACTICE IN WASHINGTON AND REQUIRING DEFENDANTS TO ADD LANGUAGE TO ADVERTISING MATERIAL |

Based upon the Stipulation by and between Gregory M. Garvin, Acting United States Trustee for Region 18, and Thomas McAvity and Northwest Debt Relief Law Firm (the "Stipulation"), the United States Trustee and Defendants stipulate to resolving the above-entitled Miscellaneous Proceeding, regarding Defendants' conduct in the case of Pablo Ulibarri, filed under case number 20-40048-MJH; April Ross, filed under case number 20-40064-MJH; Jonathan

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 1 -

Atalig, filed under case number 20-40145-MJH; Lori Cary, filed under case number 19-14667-MLB; and Jeffrey and Misty Zimmerman, filed under case number 20-10082-CMA (collectively the "Cases") now, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Within thirty (30) days from the date of the entry of this Order Defendants will issue a full refund of all attorney's fees collected in the Cases, whether such fees were collected pre-petition or post-petition, and will cease the collection of any additional fees from such debtors. Defendants will file a certification with the Court, signed under penalty of perjury, that the refunds have been issued within fourteen (14) days of the refunds having been issued. Defendants will stop payment on any check remaining unpaid after ninety (90) days and deposit such unpaid funds with the registry of the United States Bankruptcy Court for the Western District of Washington. Within fourteen (14) days of such deposit, Defendants will send notice to the person entitled to such funds, at their last known address, that the funds have been deposited into the Court's registry.

2. The Defendants shall seek to withdraw from all bankruptcy cases in which they are currently on record as counsel in a bankruptcy case in the State of Washington within thirty (30) days of the date that the Order is entered by the Court. The Defendants shall send notice to all clients affected by the Order of the Defendants' withdrawal and inform such clients that they have the right to choose their own attorney and must consent to the substitution of any attorney on their behalf.

3. Defendants must continue to represent existing clients for which they are attorney of record in a bankruptcy case until a withdrawal and substitution has been filed under Local Rule of Bankruptcy Procedure 2089-1(a); the Court has entered an *ex parte* order authorizing

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 2 -

Case 20-00400-MJH    Doc 48-1    Filed 12/15/21    Ent. 12/15/21 18:23:26    Pg. 2 of 6

withdrawal under LBR 2089-1(b)(1); the Court has granted a motion to withdraw filed pursuant to LBR 2089-1(b)(2); or the case is completed. Defendants will report to the United States Trustee if they are unable to seek withdrawal, for any reason, from any bankruptcy case within thirty (30) days of the date of this Order is entered by the Court.

4. Except as provided in paragraph 3 above, beginning the Date this Order is entered by the Court for a period of seven (7) years (the Practice Bar), the Defendants, directly or indirectly and individually or through any other corporation or entity, shall not accept or represent consumer bankruptcy debtors or render services in connection with bankruptcy cases or matters brought in, or pending before, or for which proper venue would be the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington, including the preparation and filing of bankruptcy petitions. After the Practice Bar has elapsed, the Defendants may petition this Court for reentry to practice bankruptcy in the State of Washington.

5. The Defendants shall not solicit or advertise the firm's provision of bankruptcy related services or seek to be retained in connection with contemplated or pending bankruptcy filings before the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington during the Practice Bar and until a petition for reentry to practice has been granted by this Court. The Defendants further shall not accept any fees or payments in any form from any individual for whom proper venue for a bankruptcy filing is the Western District of Washington or the Eastern District of Washington. In the event an assisted person has a change in circumstances that results in venue being proper

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

in the Western or Eastern District of Washington, the Defendants shall notify the client that it is unable to serve the client, and that client shall be refunded all fees.

6. During the Practice Bar, the Defendants shall include a conspicuous statement on the Websites disclosing that they do not provide bankruptcy related services to, or file bankruptcy cases on behalf of, clients for whom proper venue for a bankruptcy filing is the United States Bankruptcy Court for the Western District of Washington or the United States Bankruptcy Court for the Eastern District of Washington.

7. This Order settles all matters raised in the Complaint. Nothing in this Order or the Stipulation affects:

a) Matters in any jurisdiction outside of the Western District of Washington.

b) The United States Trustee's duties under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, nor the United States Trustee's ability to refer Defendants' conduct to the relevant state bar, the United States Attorney, or other state or federal government agency.

c) The United States Trustee's ability to take any other action not based on 11 U.S.C. §§ 527 and 528, that arose prior to the date of this stipulation in the Western District of Washington he deems appropriate in any other bankruptcy case.

d) The United States Trustee's ability to take any action on any of the Cases that the United States Trustee deems appropriate to the extent such action is not related to the conduct and deficiencies summarized in the Stipulation.

8. The Stipulation and the Order have no effect on the rights of Defendants' clients, bankruptcy trustees, creditors, or other parties in interest.

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 4 -

9. Nothing in the Stipulation or this Order alter, limit, or affect the Defendants' existing or future obligations under the Washington Rules of Professional Conduct, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules, or any other order of this Court or any other court.

10. This Order does not affect the ability of Mark Ditton to practice bankruptcy law in the state of Washington.

11. This Order does not affect Defendants' rights to collect any fees in a chapter 13 case filed prior to the entry of this Order for work done prior to the entry of this Order. Fees for work performed in a chapter 13 case after the entry of this Order should be paid to the attorney or firm that performed such services.

12. The United States Trustee will be responsible for notifying the relevant parties identified in this Order.

13. The Clerk of the United States Bankruptcy Court for the Western District of Washington shall close all CM-ECF accounts registered to Thomas McAvity after March 31, 2022[1].

//
//
//
//
//
//
//
//
//
//
//
//

---

[1] The accounts to be closed include Thomas McAvity, Ovation Law, LLC; Thomas McAvity, Upright Law; Thomas McAvity, Thomas McAvity, LLC; and Thomas McAvity, Hinds Law, LLC.

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

14. The Court shall retain exclusive jurisdiction to enforce the terms of the Stipulation and this Order as well as to hear and adjudicate any motion for their enforcement or contempt of the Order as well as to hear and adjudicate any petition for reentry filed by Defendants pursuant to paragraph four (4), above.

Presented By:

_____
Thomas McAvity, WSBA #35197
Defendant

_____
Northwest Debt Relief Law Firm, by
Thomas McAvity, WSBA #35197
Defendant

Gregory M. Garvin
Acting U.S. Trustee for Region 18

*/s/ Matthew J.P. Johnson*
Matthew J.P. Johnson, WSBA #40476
Attorney for the United States Trustee

ORDER

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 6 -

Case 20-00400-MJH    Doc 48-1    Filed 12/15/21    Ent. 12/15/21 18:23:26    Pg. 6 of 6